WILSON TURNER KOSMO LLP
ROBERT A. SHIELDS (206042)
JASON M. AVELAR (312884)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
E-mail: javelar@wilsonturnerkosmo.com
E-mail: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VALDES, | Case No.  *  '21 CV 1315 GPC MSB |
| Plaintiff, | **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| FORD MOTOR COMPANY; and DOES 1 through 10, inclusive, | **28 U.S.C. §§ 1332, 1441(a), 1446]** |
| Defendants. | Complaint Filed: June 21, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant FORD MOTOR COMPANY ("Ford") by and through its counsel, Wilson Turner Kosmo LLP, hereby removes to this Court, pursuant to 28 U.S.C. Sections 1332, 1441(a), and 1446, the claims pending as Case No. 37-2021-00026757-CU-BC-CTL, in the Superior Court of California, County of San Diego. In support of this removal, Ford states as follows:

## I.    **THE REMOVED CASE**

1. The removed case is a civil action commenced in the Superior Court of California, County of San Diego by Plaintiff RICHARD VALDES ("Plaintiff") against Ford, entitled *Richard Valdes v. Ford Motor Company* Case No. 37-2021-00026757-CU-BC-CTL (the "State Action"). Ford Motor Company ("Ford") is the only defendant named in this action. Plaintiff originally filed the State Action on June

21, 2021 and served Ford on June 22, 2021. (*See* Declaration of Jason M. Avelar ("Avelar Decl.", Ex. A.).

## II.    <u>PROCEDURAL REQUIREMENTS</u>

2.    Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the original complaint on June 21, 2021, and the thirty (30) day deadline is July 22, 2021. (*See* Avelar Decl. at Ex. A.) This Notice of Removal is therefore timely filed.

3.    Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings for the State Action in Ford's possession are contained in Exhibits A and D to the Declaration of Jason M. Avelar, filed concurrently with this Notice.

4.    Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern District of California because this is the district in which the State Action is pending.

5.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Diego, promptly after filing of the same in this Court.

6.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all parties promptly after the filing of the same in this Court.

7.    If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

8.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue, *forum non conveniens*, or both, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims, parties, or both, (vi) failure to state a claim, (vii) failure to join indispensable parties, or (viii) any other procedural or substantive defense available under state or federal law.

/ / /

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

## III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9.    The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10.    The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds to jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Plaintiff's Complaint contains three alleged violations of California's Song-Beverly Act, California Civil Code § 1790 *et seq.*, one claim of fraudulent inducement, and a claim of negligent misrepresentation regarding his 2017 Ford Escape ("Subject Vehicle"), VIN 1FMCU0GD4HUA04272. (*See* Avelar Decl. at Ex. A.)

12.    The Complaint is silent as to the amount in controversy. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996).

13.    Plaintiff agreed to pay $35,807.24 for the Subject Vehicle. (*See* Avelar Decl. at Ex. C.) Song-Beverly provides for restitution, which is the "amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

1 | not limited to, reasonable repair, towing, and rental car costs actually incurred by the
2 | buyer." Cal. Civ. Code § 1793.2(d)(2)(B). Here, Plaintiff is seeking restitution of at
3 | least $35,807.24, the agreed upon payable amount of the Subject Vehicle before other
4 | compensable fees. (Avelar Decl. at Ex. A, prayer for relief.)

5 |      14.    Plaintiff also seeks a civil penalty for up to two times the amount of
6 | Plaintiff's actual damages. (Avelar Decl. at Ex. A, prayer for relief.) Song-Beverly
7 | provides that the civil penalty can be a maximum of two times the amount of
8 | Plaintiffs' actual damages. (*Id*.) Such damages are properly included in the calculation
9 | of the amount in controversy in this action. *See Brady v. Mercedes-Benz USA, Inc.*,
10 | 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002); *see also Vazquez-Ceron v. Ford Motor*
11 | *Company*, No. 20-CV-1318-W-KSC, 2020 WL 5905184, at * 2 (S.D. Cal. October 6,
12 | 2020). Based on the restitution amount alone, this would amount to an additional
13 | $71,614.48 in damages.

14 |      15.    Based on the purchase price, if Plaintiff was to prevail on his claims
15 | under the Song-Beverly Consumer Warranty Act, he would be awarded damages of at
16 | least $107,421.72 (calculated by adding the restitution amount plus the 2x civil
17 | penalty).

18 |      16.    Reasonable estimates of attorney's fees are also included in the
19 | calculation. *Brady*, 243 F.Supp.2d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d
20 | 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of
21 | attorney's fees, either with mandatory or discretionary language, such fees may be
22 | included in the amount in controversy."].) Additionally, future attorney's fees—not
23 | just attorney's fees as of the date of removal—are included when calculating a
24 | reasonable estimate of a plaintiff's attorney's fees. *See Fritsch v. Swift Trans. Co. of*
25 | *Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

26 |      17.    Song-Beverly allows for the recovery of attorney's fees, which regularly
27 | exceed $20,000.  (*See* Avelar Decl. at ¶ 11.)

28 |      18.    Thus, the total amount in controversy far exceeds $75,000 even before

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

1   adding Plaintiff's claims for pre-judgment interest, and incidental and consequential
2   damages. The amount in controversy requirement is, therefore, satisfied.

3   **IV.    DIVERSITY OF CITIZENSHIP EXISTS**

4          19.    On information and belief, Plaintiff is and was at the time of the filing of
5   the Complaint a citizen and resident of California residing in Carlsbad, California.[1]
6   (*See* Avelar Decl. at ¶ 9.)

7          20.    Ford is, and was, at the time Plaintiff commenced this action, a
8   corporation organized under the laws of the State of Delaware with its principal place
9   of business in Michigan. This Court may take judicial notice of these facts. (*See*
10  Avelar Decl. at Ex. B; *see also* Fed. R. Evid. § 201(b)(2) (court may judicially notice
11  facts that "can be accurately and readily determined from sources whose accuracy
12  cannot reasonably be questioned.").)

13         21.    Based on the foregoing, there is diversity of citizenship between Plaintiff,
14  a California citizen, and Ford, a citizen of Michigan and Delaware. Therefore, this
15  Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332.

16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27
28

---

[1] A party may allege citizenship on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

## V.   <u>CONCLUSION</u>

22.   Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441, *et seq.*, because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District; (ii) the action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Ford requests that the Court remove this Action from the Superior Court of California, County of San Diego, to this Court for all further proceedings.

Dated:   Julv 22. 2021            **WILSON TURNER KOSMO LLP**


By:   *s/Jason M. Avelar*
      ROBERT A. SHIELDS
      JASON M. AVELAR
      Attorneys for Defendant
      FORD MOTOR COMPANY